IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

JOSEPH BOSWELL )
)
v. ) NO. 2:14-0040
)
W.B. MELTON, et al. )

TO: Honorable Kevin H. Sharp, District Judge

# REPORT AND RECOMMENDATION

By Order entered April 23, 2014 (Docket Entry No. 3), this civil action was referred to the Magistrate Judge to enter a scheduling order for management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

The plaintiff filed this action pro se and in forma pauperis on April 14, 2014, while an inmate at the Overton County Jail ("Jail"). He brings the action against W.B. Melton, Shannon Harvey, and Patricia Hensley, employees of the Overton County Sheriff's Department. The plaintiff seeks damages under 42 U.S.C. § 1983 for alleged violations of his constitutional rights occurring at the Jail in March 2014. In the order of referral, the Court found that the plaintiff had alleged a colorable constitutional claim that was sufficient to survive review under 28 U.S.C. § 1915A and directed that the Clerk send the plaintiff service packets (a blank summons and USM 285 form) for the named defendants. The plaintiff was directed to complete the service packets and return them to the Clerk's Office within twenty (20) days of receipt of the Order. The plaintiff was forewarned in the Order that

his failure to return the service packets within the time frame could jeopardize his prosecution of the action.

To date, the plaintiff has not returned completed service packets to the Clerk's Office as directed by the Court, has not shown that the defendants have been served with process, and has not responded in any manner to the Order entered April 23, 2014.

It is well settled that Federal trial courts have the inherent power to manage their own dockets. Link v. Wabash Railroad Co., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1961). Furthermore, Rule 41(b) of the Federal Rules of Civil Procedure permits the Court to dismiss an action upon a showing of a clear record of delay, contumacious conduct, or failure to prosecute by the plaintiff. See Carter v. City of Memphis, Tennessee, 636 F.2d 159, 161 (6th Cir. 1980). The plaintiff's failure to return service packets for the defendants as directed by the Court evidences a lack of interest in prosecuting this action and a disregard of the orders of the Court. Further, the action cannot proceed in the absence of returned service packets from the plaintiff. Given the plaintiff's apparent lack of interest in the action and his failure to take the steps necessary to serve the defendants with process or prosecute the action in any manner, the Court finds that dismissal of the action is warranted.

**R E C O M M E N D A T I O N**

Accordingly, the Court respectfully RECOMMENDS that this action be DISMISSED WITHOUT PREJUDICE in accordance with Rule 41(b) of the Federal Rules of Civil Procedure.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's

Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

    Respectfully submitted,

*Juliet Griffin*
JULIET GRIFFIN
United States Magistrate Judge